UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUINTIN R. CROSS,

            Plaintiff,

    v.

BRAZIL, et al.,

            Defendants.

No.  2:21-cv-00766-CKD P

ORDER

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the appropriate filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On August 3, 2021, the court screened plaintiff's complaint and gave him the option of proceeding on the Eighth Amendment excessive force claim against defendant Brazil and the First Amendment retaliation claims against defendants Brazil, Tsushoko, and Clays.  In the alternative, plaintiff could file an amended complaint to fix the deficiencies identified in the screening order with respect to the remaining defendants and claims.  ECF No. 4.  Plaintiff elected to file a first amended complaint which is now before the court for screening.  ECF No. 8.

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the

prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

## I.    Allegations in the First Amended Complaint

Plaintiff is a disabled and mobility impaired inmate confined at Mule Creek State Prison. A group of correctional counselors and officers were gathered outside the A Facility's Program Office where plaintiff was waiting to speak with his counselor on July 16, 2020.  Rather than be permitted to speak to his counselor, defendant Feryance, plaintiff was escorted back to his cell after several defendants called him names and cursed at him.  While escorting him, defendant Brazil told plaintiff to keep moving despite his disability and mobility impairment.  After plaintiff stopped to rest, defendant Brazil ordered plaintiff to stand up in order to get cuffed.  Rather than use a waist chain for his disability, defendant Brazil roughly "wrench[ed]" plaintiff's arm behind his back in an effort to cause him pain.  Defendant Brazil then called for a wheelchair to transport plaintiff back to his cell.  Although defendant Tsushoko was also part of the escort team, it is not clear from the allegations in the amended complaint, whether defendant Brazil or Tsushoko shoved plaintiff into the wall once he arrived at his cell.

In his second claim for relief, plaintiff contends that defendant Clays, Brazil, and Tsushoko prevented his transfer to Housing Unit #1 in order to retaliate against him for the grievance that he filed alleging the use of excessive force against him on July 16, 2021.  By preventing his transfer, these defendants also violated his right to a safe housing assignment for his mobility impairment and violated the Americans with Disabilities Act (ADA).

Although not a separate claim for relief, plaintiff generally alleges that when they were gathered together, defendants "began to plot against [p]laintiff due to his history of filing complaints and grievances against them."  ECF No. 8 at 6.  Plaintiff contends that this plot amounted to a civil conspiracy to deprive him of his First and Eighth Amendment rights.

## II.    Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his amended complaint.

1

### A.  Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### B.  Civil Conspiracy

To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights.  Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989).  Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id.  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"  Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989) ).

The federal system is one of notice pleading, however, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...."  Id.

1    **III.    Analysis**

2         After conducting the required screening, the court finds that plaintiff may proceed on the

3    Eighth Amendment excessive force claim against defendant Brazil and the First Amendment

4    retaliation and ADA claims against defendants Brazil, Tsushoko, and Clays.  However, plaintiff

5    has failed to state a claim against defendants Aralado, Fonsworth, Feryance, and Johnson based

6    solely on their lack of control of their subordinates.  The allegations in the first amended

7    complaint fail to state a claim against these defendants based on their supervisory capacity.  See

8    Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  Nor does plaintiff sufficiently allege a conspiracy

9    claim against any of the named defendants.  While defendants may have been gathered together

10   on the date alleged, plaintiff's assertion that they were plotting to violate his constitutional rights

11   is entirely speculative.  Plaintiff may elect to file a second amended complaint to attempt to cure

12   the deficiencies with respect to these defendants and claims if he believes he has a good faith

13   basis upon which to do so.  See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en

14   banc) (district courts must afford pro se litigants an opportunity to amend to correct any

15   deficiency in their complaints).  In the alternative, plaintiff may choose to proceed immediately

16   on the First, Eighth, and ADA claims against defendants Brazil, Tsushoko, and Clays found

17   cognizable in this screening order.  If plaintiff elects to proceed on the cognizable claims against

18   defendants Brazil, Tsushoko, and Clays, the court will construe this as a request to voluntarily

19   dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of

20   Civil Procedure.

21   **IV.    Plain Language Summary for Pro Se Party**

22        The following information is meant to explain this order in plain English and is not

23   intended as legal advice.

24        Some of the allegations in the amended complaint state claims for relief against the

25   defendants, and some do not.  You must decide if you want to (1) proceed immediately on the

26   Eighth Amendment excessive force claim against defendant Brazil and the First Amendment and

27   ADA claims against defendants Brazil, Tsushoko, and Clays; or, (2) amend the complaint to fix

28   the problems identified in this order with respect to the remaining claims and defendants.  Once

4

1  you decide, you must complete the attached Notice of Election form by checking only one box

2  and returning it to the court.

3      Once the court receives the Notice of Election, it will issue an order telling you what you

4  need to do next. If you do not return this Notice, the court will order service of the complaint only

5  on the claims found cognizable in this screening order and will recommend dismissing remaining

6  claims.

7      Accordingly, IT IS HEREBY ORDERED that:

8      1.  Plaintiff has the option to proceed immediately on the Eighth Amendment excessive

9  force claim against defendant Brazil as well as the First Amendment retaliation and ADA claims

10  against defendants Brazil, Tsushoko, and Clays.  In the alternative, plaintiff may choose to amend

11  the complaint one more time if he believes in good faith that it is possible to fix the deficiencies

12  identified in this order with respect to the remaining claims and defendants.

13      2.  Within 21 days from the date of this order, plaintiff shall complete and return the

14  attached Notice of Election form notifying the court whether he wants to proceed on the screened

15  amended complaint or whether he wants time to file a second amended complaint.

16      3.  If plaintiff fails to return the attached Notice of Election within the time provided, the

17  court will construe this failure as consent to dismiss the deficient claims and proceed only on the

18  cognizable claims identified above.

19  Dated:  January 25, 2022

20                                        CAROLYN K. DELANEY
21                                        UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27  12/cros0766.option.FAC

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUINTIN R. CROSS,

      Plaintiff,

v.

BRAZIL, et al.,

      Defendants.

No.  2:21-cv-00766-CKD

NOTICE OF ELECTION

**Check only one option:**

_____  Plaintiff wants to proceed immediately on the Eighth Amendment excessive force claim against defendant Brazil as well as the First Amendment retaliation and ADA claims against defendants Brazil, Tsushoko, and Clays.  Plaintiff voluntarily dismisses the remaining defendants; **or**

_____  Plaintiff wants time to file a second amended complaint.

DATED:

                                      _____
                                        Plaintiff