UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN R. CROSS,<br><br>    Plaintiff,<br><br>    v.<br><br>BRAZIL, et al.,<br><br>    Defendants. | No. 2:21-cv-0766 CKD P<br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

    Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On January 25, 2022, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found that plaintiff could proceed on a claim arising under the Eighth Amendment against defendant Brazil for use of excessive force; a claim arising under the First Amendment against defendants Brazil, Tsushoko, and Clays; and a claim arising under the Americans with Disabilities Act (ADA) also against defendants Brazil, Tsushoko, and Clays. Defendants Brazil, Tsushoko, and Clays (defendants) have filed a motion for summary judgment, arguing that plaintiff failed to exhaust available administrative remedies prior to filing suit as he is required to do under 42 U.S.C. § 1997(e)(a) with respect to the First Amendment and ADA claims.

/////

/////

1

I. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u>

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. <u>See</u> Fed. R. Civ. P. 56(c); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, <u>see</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, <u>see</u> <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

/////

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

II. Plaintiff's Allegations

On July 20, 2021, plaintiff filed an inmate grievance alleging defendants Brazil and Tsushoko used excessive force against plaintiff. Plaintiff alleges that since he filed that grievance, defendants have interfered with attempts made by plaintiff to obtain housing that accommodates a disability and he had his housing changes cancelled.

III. Defendants' Argument and Analysis

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement demands "proper" exhaustion. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). In order to "properly

exhaust" administrative remedies, the prisoner must generally comply with department procedural rules, including deadlines, throughout the administrative process. Jones v. Bock, 549 U.S. 199, 218 (2006); Woodford, 548 U.S. at 90-91.

At the time of the incidents at issue in this case, administrative procedures with respect to claims brought in this court by California Department of Corrections and Rehabilitation inmates are exhausted once the second level of review is complete. The second level of review is conducted by the California Department of Corrections and Rehabilitation Office of Appeals in Sacramento. Cal. Code Regs. tit. 15, §§ 3481-85.

Defendant points to evidence indicating plaintiff never submitted a grievance concerning the ADA and First Amendment claims described above. Plaintiff does not dispute this. Instead, plaintiff asserts that requests for a reasonable accommodation under the ADA made by plaintiff suffice to exhaust his administrative remedies concerning his ADA and First Amendment claims. Plaintiff is incorrect. Title 15 Cal. Code Regs. § 3485(l) is clear that the exhaustion of remedies available through the CDCR administrative process does not occur until review at the Sacramento Office of Appeals has concluded.

IV. Conclusion

There is no genuine issue of material fact before the court as to whether plaintiff properly exhausted all administrative remedies available to him with respect to his remaining ADA and First Amendment claims. Accordingly, the court will recommend that defendants' motion for summary judgment be granted and that those claims be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 31) be granted; and

2. Plaintiff's remaining claims arising under the First Amendment and the Americans with Disabilities Act be dismissed resulting in dismissal of defendants Tsushoko and Clays.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 15, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cros0766.fte.cr